**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.

TIFFANY (NJ) LLC,

               Plaintiff,

vs.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

               Defendants.

_____/

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff, Tiffany (NJ) LLC ("Tiffany" or "Plaintiff"), hereby sues Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" (collectively "Defendants"). Defendants are promoting, selling, offering for sale, and distributing goods bearing and/or using counterfeits and confusingly similar imitations of Tiffany's trademarks within this district through various Internet based e-commerce stores, photo albums, and a commercial Internet website operating under the seller identification names and domain name set forth on Schedule "A" hereto (the "Seller IDs and Subject Domain Name"). In support of its claims, Tiffany alleges as follows:

**JURISDICTION AND VENUE**

1.    This is an action for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a), and The All Writs Act, 28 U.S.C. § 1651(a). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28

U.S.C. § 1367 over Tiffany's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2.     Defendants are subject to personal jurisdiction in this district because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district, through at least the Internet based e-commerce stores, photo albums, and commercial Internet website accessible in Florida and operating under the Seller IDs and Subject Domain Name.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling, and/or shipping infringing products to consumers in Florida.

## THE PLAINTIFF

4.     Tiffany is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 15 Sylvan Way, Parsippany, NJ 07054. Tiffany operates boutiques throughout the world, including within this district. Tiffany is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, a variety of high quality luxury goods under multiple world famous common law and federally registered trademarks, including those identified in Paragraph 16 below. Tiffany offers for sale and sells its trademarked goods within the State of Florida, including this district through its boutiques and online retail website. Defendants' offers to sell and sales of counterfeit and infringing Tiffany branded products are directly, and unfairly, competing with Tiffany's economic interests in the State of Florida and causing harm and damage within this jurisdiction.

Tiffany regularly enforces its intellectual property rights and authorized this action be brought in its name.

5.      Like many other famous trademark owners in the luxury goods market, Tiffany suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Tiffany's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with the Tiffany name and associated trademarks and the destruction of the legitimate market sector in which it operates.

6.      In order to combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, each year Tiffany expends significant monetary resources in connection with trademark enforcement efforts. The exponential growth of counterfeiting over the Internet, particularly through online marketplace platforms and social media websites, has created an environment that requires companies, such as Tiffany, to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and itself from the ill effects of confusion and the erosion of the goodwill connected to Tiffany's brand.

## THE DEFENDANTS

7.      Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions with lax trademark enforcement systems or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil

Procedure 17(b). Defendants target their business activities toward consumers throughout the United States, including within this district, and conduct pervasive business through the simultaneous operation of commercial Internet based e-commerce stores via Internet marketplace websites and/or interactive photo albums via Internet based social media or image hosting websites under the Seller IDs, or through the operation of an interactive commercial Internet website operating under the Subject Domain Name.

8.     Upon information and belief, certain Defendants operate under their Seller IDs in tandem with electronic communications via private messaging applications thereby creating an interconnected ecosystem which functions as an online marketplace operation.

9.     Upon information and belief, Defendants use aliases in connection with the operation of their businesses, including but not limited to those identified by the same Defendant Number on Schedule "A."

10.     Defendants are the past and present controlling forces behind the sale of products bearing and/or using counterfeits and infringements of Tiffany's trademarks as described herein using at least the Seller IDs and Subject Domain Name.

11.     Upon information and belief, Defendants directly engage in unfair competition with Tiffany by advertising, offering for sale and selling goods bearing and/or using counterfeits and infringements of one or more of Tiffany's trademarks to consumers within the United States and this district through the Internet based e-commerce stores, photo albums,  and commercial Internet website operating under, at least, the Seller IDs and Subject Domain Name, as well as additional names, e-commerce stores, photo albums, seller identification aliases, domain names, or websites not yet known to Tiffany. Defendants have purposefully directed some portion of

their illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit and infringing Tiffany branded goods into the State.

12.     Upon information and belief, Defendants have registered, established or purchased, and maintained their Seller IDs and Subject Domain Name. Upon information and belief, Defendants have engaged in fraudulent conduct with respect to the registration of the Seller IDs and Subject Domain Name by providing false and/or misleading information to the Internet based e-commerce platforms where they sell or to their domain registrars during the registration or maintenance process related to their respective Seller ID and Subject Domain Name. Upon information and belief, some Defendants have registered and/or maintained the Seller IDs and Subject Domain Name for, at least in part, the purpose of engaging in illegal counterfeiting activities.

13.     Upon information and belief, Defendants will continue to register or acquire new seller identification aliases, private messaging accounts, and domain names for the purpose of selling and offering for sale goods bearing and/or using counterfeit and confusingly similar imitations of one or more of Tiffany's trademarks unless preliminarily and permanently enjoined.

14.     Defendants' Internet-based businesses amount to nothing more than illegal operations established and operated in order to infringe the intellectual property rights of Tiffany and others.

15.     Defendants' business names, i.e., the Seller IDs and Subject Domain Name, associated payment accounts, and any other alias seller identification names, private messaging accounts, and domain names used in connection with the sale of counterfeit and infringing goods bearing and/or using one or more of Tiffany's trademarks are essential components of

Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringement scheme and cause harm to Tiffany. Moreover, Defendants are using Tiffany's famous brand name and trademarks to drive Internet consumer traffic to their e-commerce stores, photo albums, or websites operating under the Seller IDs and Subject Domain Name, thereby increasing the value of the Seller IDs and Subject Domain Name and decreasing the size and value of Tiffany's legitimate marketplace and intellectual property rights at Tiffany's expense.

## COMMON FACTUAL ALLEGATIONS

### Tiffany's Trademark Rights

16.     Tiffany is the owner of all rights in and to the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively, the "Tiffany Marks"):

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| TIFFANY & CO | 0,023,573 | September 5, 1893 | IC 14 – Jewelry and Watches. |
| TIFFANY | 0,133,063 | July 6, 1920 | IC 14 – Jewelry for Personal Wear, Not Including Watches; and Flat and Hollow Ware Made of or Plated with Precious Metal. |
| TIFFANY & CO. | 1,228,189 | February 22, 1983 | IC 14 – Decorative Art Objects Made in Whole or in Part of Precious or Semi-Precious Metals-Namely, Figurines, Boxes, Bowls, Trays, and Flowers, Jewelry, Metal Wares Made in Whole or in Part of Precious or Semi-Precious Metals-Namely, Business Card Cases, Candelabras, Candlesticks, Cigar and Cigarette Boxes, Napkin Rings, and Bookmarks, Semi-Precious Stones, Natural and Cultured Pearls. |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| TIFFANY | 1,228,409 | February 22, 1983 | IC 14 – Decorative Art Objects Made in Whole or in Part of Precious or Semi-Precious Metals-Namely, Figurines, Boxes, Bowls, Trays, Jewelry, Semi-Precious Stones, and Natural and Cultured Pearls. |
| T & CO. | 1,669,365 | December 24, 1991 | IC 14 – All Types of Jewelry Made of, or in Part of, Precious Metals and/or with Precious or Semi-Precious Stones. |
|  | 2,359,351 | June 20, 2000 | IC 14 – Jewelry; Watches.<br>IC 21 – Decorative Boxes. |
|  | 2,416,795 | January 2, 2001 | IC 14 – Jewelry; watches and clocks; precious and semi-precious stones; decorative art objects made in whole or in part of precious metals and their alloys, namely, figurines, boxes and trophies; natural and cultured pearls; metal wares made in whole or in part of precious metals, and their alloys, namely, candelabras, candlesticks, cigar and cigarette boxes and ashtrays; bowls, serving trays, tumblers, pitchers, corkscrews, cups, porringers, and perfume flasks sold empty, all made in whole or in part of precious metals and their alloys; bar accessories made of precious metals and their alloys, namely, coasters; clothing accessories made of precious metals and their alloys, namely, money clips, cufflinks, key rings, collar stays, tie bars, tie tacks, belt buckles, and shirt studs; pill boxes made of or plated with precious metals and their alloys; golf clubs, and place markers for golf balls made in whole or in part of precious metals and their alloys; picture, calendar and photograph frames made in whole or in part of precious metals and their alloys |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
|  | 5,176,498 | April 4, 2017 | IC 14 – Jewelry |

The Tiffany Marks are used in connection with the manufacture and distribution of high-quality luxury goods in the categories also identified above. True and correct copies of the Certificates of Registration for the Tiffany Marks are attached hereto as Composite Exhibit "1."

17.    The Tiffany Marks have been used in interstate commerce to identify and distinguish Tiffany's high quality luxury goods for an extended period of time.

18.    The Tiffany Marks are symbols of Tiffany's quality, reputation and goodwill and have never been abandoned.

19.    The Tiffany Marks are well known and famous and have been for many years. Tiffany has expended substantial time, money and other resources developing, advertising and otherwise promoting the Tiffany Marks. The Tiffany Marks qualify as famous marks as that term is used in 15 U.S.C. § 1125(c)(1).

20.    Further, Tiffany has extensively used, advertised, and promoted the Tiffany Marks in the United States in association with the sale of high quality luxury goods. Tiffany has spent millions of dollars promoting the Tiffany Marks and products bearing the Tiffany Marks.

21.    As a result of Tiffany's efforts, members of the consuming public readily identify merchandise bearing or sold under the Tiffany Marks, as being high quality luxury goods sponsored and approved by Tiffany.

22.    Accordingly, the Tiffany Marks have achieved secondary meaning as identifiers of high quality luxury goods.

23.    Tiffany has carefully monitored and policed the use of the Tiffany Marks and has never assigned or licensed the Tiffany Marks to any of the Defendants in this matter.

24.    Genuine goods bearing and sold under the Tiffany Marks are widely legitimately advertised and promoted by Tiffany, its authorized distributors, and unrelated third parties via the Internet. Visibility on the Internet, particularly via Internet search engines such as Google, Yahoo! and Bing, has become increasingly important to Tiffany's overall marketing and consumer education efforts. Thus, Tiffany expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies. Those strategies allow Tiffany and its authorized retailers to fairly and legitimately educate consumers about the value associated with the Tiffany brand and the goods sold thereunder. Similarly, Defendants' individual seller stores and websites are indexed on search engines and compete directly with Tiffany for space in search results.

**Defendants' Infringing Activities**

25.    Upon information and belief, Defendants are promoting and advertising, distributing, selling, and/or offering for sale goods in interstate commerce using and bearing counterfeit and infringing trademarks that are exact copies of the Tiffany Marks (the "Counterfeit Goods") through at least the Internet based e-commerce stores, photo albums, and a interactive commercial Internet website operating under the Seller IDs and Subject Domain Name. Specifically, upon information and belief, Defendants are using identical copies of one or more of the Tiffany Marks for different quality goods. Tiffany has used the Tiffany Marks

extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Tiffany's merchandise.

26.     Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially and materially different than that of Tiffany's genuine goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality goods offered for sale by Tiffany despite Defendants' knowledge that they are without authority to use the Tiffany Marks. The net effect of Defendants' actions will cause confusion of consumers at the time of initial interest, sale, and in the post-sale setting, who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, and approved by Tiffany.

27.     Defendants advertise their Counterfeit Goods for sale to the consuming public via Internet based e-commerce stores and interactive photo albums on, at least, one Internet e-commerce store, social media, or image hosting website using, at least, the Seller IDs and via at least one commercial Internet website operating under the Subject Domain Name. In so advertising these goods, Defendants improperly and unlawfully use one or more of the Tiffany Marks without Tiffany's permission.

28.     As part of their overall infringement and counterfeiting scheme, Defendants are, upon information and belief, concurrently employing and benefitting from substantially similar, advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of the Tiffany Marks. Specifically, Defendants are using counterfeits and infringements of Tiffany's famous name and the Tiffany Marks in order to make their e-

commerce stores, photo albums, and websites selling illegal goods appear more relevant and attractive to consumers online. By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Tiffany's genuine goods. Defendants are causing individual, concurrent and indivisible harm to Tiffany and the consuming public by (i) depriving Tiffany and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Tiffany's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the Tiffany Marks, and (iii) increasing Tiffany's overall cost to market its goods and educate consumers about its brand via the Internet.

29.    Upon information and belief, Defendants are concurrently targeting their counterfeiting and infringing activities toward consumers and causing harm within this district and elsewhere throughout the United States. As a result, Defendants are defrauding Tiffany and the consuming public for Defendants' own benefit.

30.    Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Tiffany's ownership of the Tiffany Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

31.    Defendants' use of the Tiffany Marks, including the promotion and advertisement, reproduction, distribution, sale, and offering for sale of their Counterfeit Goods, is without Tiffany's consent or authorization.

32.    Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Tiffany's rights for the purpose of trading on Tiffany's goodwill and reputation. If Defendants'

intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Tiffany and the consuming public will continue to be harmed.

33.     Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during, and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Tiffany's genuine goods and Defendants' Counterfeit Goods, which there is not.

34.     Upon information and belief, Defendants' payment and financial accounts, including but not limited to those specifically set forth on Schedule "A," are being used by Defendants to accept, receive, and deposit profits from Defendants' trademark counterfeiting and infringing and unfairly competitive activities connected to their Seller IDs and Subject Domain Name and any other alias seller identification names, domain names, or websites being used and/or controlled by them.

35.     Further, upon information and belief, Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Tiffany.

36.     Tiffany has no adequate remedy at law.

37.     Tiffany is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the Tiffany Marks. If Defendants' counterfeiting and infringing, and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, Tiffany and the consuming public will continue to be harmed.

38.     The harm and damages sustained by Tiffany have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT
## PURSUANT TO §32 OF THE LANHAM ACT (15 U.S.C. § 1114)

39.     Tiffany hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 38 above.

40.     This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the Tiffany Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale and sale of the Counterfeit Goods.

41.     Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using counterfeits and/or infringements of one or more of the Tiffany Marks. Defendants are continuously infringing and inducing others to infringe the Tiffany Marks by using one or more of them to advertise, promote, sell, and offer to sell counterfeit and infringing Tiffany branded goods.

42.     Defendants' concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

43.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Tiffany and are unjustly enriching Defendants with profits at Tiffany's expense.

44.     Defendants' above-described illegal actions constitute counterfeiting and infringement of the Tiffany Marks in violation of Tiffany's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

45.     Tiffany has suffered and will continue to suffer irreparable injury and damages due to Defendants' above described activities if Defendants are not preliminarily and permanently enjoined. Additionally, Defendants will continue to wrongfully profit from their illegal activities.

**COUNT II - FALSE DESIGNATION OF ORIGIN**
**PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. §1125(a))**

46.     Tiffany hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 38 above.

47.     Upon information and belief, Defendants' Counterfeit Goods bearing, offered for sale and sold using copies of at least one of the Tiffany Marks have been widely advertised and offered for sale throughout the United States via at least one Internet e-commerce marketplace, social media, or image hosting website, and one interactive commercial Internet website.

48.     Defendants' Counterfeit Goods bearing, offered for sale, and sold using copies of at least one of the Tiffany Marks are virtually identical in appearance to Tiffany's genuine goods. However, Defendants' Counterfeit Goods are different and likely inferior in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

49.     Defendants, upon information and belief, have used in connection with their advertisement, offer for sale, and sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into

commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Tiffany's detriment.

50.     Defendants have authorized infringing uses of one or more of the Tiffany Marks in Defendants' advertisement and promotion of their counterfeit and infringing branded goods. Defendants have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

51.     Additionally, Defendants are using counterfeits and infringements of one or more of the Tiffany Marks in order to unfairly compete with Tiffany and others for space within search engine organic results, thereby jointly depriving Tiffany of a valuable marketing and educational tool which would otherwise be available to Tiffany and reducing the visibility of Tiffany's genuine goods on the World Wide Web.

52.     Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53.     Tiffany has no adequate remedy at law and has sustained indivisible injury and damage caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Defendants will continue to wrongfully reap profits and Tiffany will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

## COUNT III –COMMON LAW UNFAIR COMPETITION

54.     Tiffany hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 38 above.

55.     This is an action against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of goods bearing and/or using marks that are virtually

identical, both visually and phonetically, to the Tiffany Marks in violation of Florida's common law of unfair competition.

56.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing goods bearing and/or using counterfeits and infringements of one or more of the Tiffany Marks. Defendants are also using counterfeits and infringements of the Tiffany Marks to unfairly compete with Tiffany and others for (i) space in search engine results across an array of search terms and (ii) visibility on the World Wide Web.

57.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Tiffany Marks.

58.     Tiffany has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

## COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

59.     Tiffany hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 38 above.

60.     This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing and/or using one or more of the Tiffany Marks.  Tiffany is the owner of all common law rights in and to the Tiffany Marks.

61.     Specifically, Defendants, upon information and belief, are promoting, and otherwise advertising, distributing, offering for sale, and selling goods bearing and/or using infringements of one or more of the Tiffany Marks.

62.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing and/or using the Tiffany Marks.

63.     Tiffany has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

## **PRAYER FOR RELIEF**

64.     WHEREFORE, Tiffany demands judgment on all Counts of this Complaint and an award of equitable relief, and monetary relief against Defendants as follows:

a.     Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65, enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Tiffany Marks; from using the Tiffany Marks, or any mark or design similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name, or trademark or design that may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Tiffany; from falsely representing themselves as being connected with Tiffany, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Tiffany; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Tiffany Marks in connection with

the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Tiffany, or in any way endorsed by Tiffany and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Tiffany's name or trademarks; and from otherwise unfairly competing with Tiffany.

      b.    Entry of a temporary restraining order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of an injunction issued by the Court from participating in, including providing financial services, technical services or other support to, Defendants in connection with the sale and distribution of non-genuine goods bearing and/or using counterfeits of the Tiffany Marks.

      c.    Entry of an order pursuant to 28 U.S.C §1651(a), The All Writs Act, and the Court's inherent authority that upon Tiffany's request, the top level domain (TLD) Registry for each of the Subject Domain Name(s) or their administrators, including backend registry operators or administrators, place the Subject Domain Name(s), and any other domains names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing and/or using counterfeits and infringements of the Tiffany Marks,  on Registry Hold status for the remainder of the registration period for any such domain name, thus removing them from the TLD zone files which link the Subject Domain Name(s) and any other domain names used and/or controlled by Defendants, to the IP addresses where the associated websites are hosted.

d.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority canceling for the life of the current registration or, at Tiffany's election, transferring the Subject Domain Name(s) and any other domain names used by Defendants to engage in their counterfeiting of the Tiffany Marks at issue to Tiffany's control so they may no longer be used for illegal purposes.

e.      Entry of an order requiring Defendants, their agent(s) or assign(s), to assign all rights, title, and interest, to their Subject Domain Name(s) to Tiffany and, if within five (5) days of entry of such order any Defendant fails to make such an assignment, the Court order the act to be done by another person appointed by the Court at any non-complying Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

f.      Entry of an order requiring each Defendant, its agent(s) or assign(s), to instruct all search engines to permanently delist or deindex the Subject Domain Name(s) and, if within five (5) days of entry of such order any Defendant fails to make such a written instruction, the Court order the act to be done by another person appointed by the Court at any non-complying Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

g.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Tiffany's request, the applicable governing messaging service and Internet marketplace, social media, and image hosting website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court, disable and/or cease facilitating access to the Seller IDs and any other alias e-commerce stores, seller identification names, photo albums, user names, and private messaging accounts, being used and/or controlled by Defendants to engage in the business of marketing, offering to

sell, and/or selling goods bearing and/or using counterfeits and/or infringements of the Tiffany Marks.

   h. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Tiffany's request, any messaging service and Internet marketplace, social media, and image hosting website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court identify any e-mail address known to be associated with Defendants' respective Seller IDs.

   i. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act,  and this Court's inherent authority that, upon Tiffany's request, any messaging service and Internet marketplace, social media, and image hosting website operators and/or administrators who are provided with notice of an injunction issued by the Court permanently remove from the multiple platforms, which include, *inter alia*, a Direct platform, Group platform, Seller Product Management platform, Vendor Product Management platform, and Brand Registry platform, any and all listings and associated images of goods bearing and/or using counterfeits and/or infringements of the Tiffany Marks via the e-commerce stores and Internet based photo albums operating under the Seller IDs, and upon Tiffany's request, any other listings and images of goods bearing and/or using counterfeits and/or infringements of the Tiffany Marks associated with and/or linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing and/or using counterfeits and/or infringements of the Tiffany Marks.

   j. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that, upon Tiffany's request, Defendants and any Internet marketplace, social media, and image hosting website operators and/or administrators who are

provided with notice of an injunction issued by the Court, immediately cease fulfillment of and sequester all goods of each Defendant bearing and/or using one or more of the Tiffany Marks in its inventory, possession, custody, or control, and surrender those goods to Tiffany for destruction.

k.       Entry of an order requiring, upon Tiffany's request, Defendants to request in writing permanent termination of any messaging services, Seller IDs, user names, and social media accounts they own, operate, or control on any messaging service and social media platform.

l.       Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, authorizing Tiffany to serve the injunction on any e-mail service provider with a request that the service provider permanently suspend the e-mail addresses which are used by Defendants in connection with Defendants' promotion, offering for sale, and/or sale of goods using counterfeits, and/or infringements of the Tiffany Marks.

m.      Entry of an order requiring Defendants to account to and pay Tiffany for all profits and damages resulting from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the award to Tiffany be trebled, as provided for under 15 U.S.C. §1117, or, at Tiffany's election with respect to Count I, that Tiffany be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

n.       Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Tiffany's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

o.      Entry of an order that, upon Tiffany's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs and Subject Domain Name(s) or other alias e-commerce stores, social media accounts, photo albums, seller identification names, user names, private messaging accounts, domain names, and/or websites, used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Tiffany in partial satisfaction of the monetary judgment entered herein.

p.      Entry of an award of pre-judgment interest on the judgment amount.

q.      Entry of an order for any further relief as the Court may deem just and proper.

DATED: February 12, 2020.            Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By:   **Stephen M. Gaffigan**
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
T. Raquel Wiborg-Rodriguez (Fla. Bar No. 103372)
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
E-mail: stephen@smgpa.net
E-mail: leo@smgpa.net
E-mail: raquel@smgpa.net

Attorneys for Plaintiff TIFFANY (NJ) LLC

22

**[This page is the subject of Plaintiff's Motion to File Under Seal.  As such, this page has been redacted in accordance with L.R. 5.4(b)(1)]**